Julia Amparo Gonzalez **RODAS,** Petitioner,

v.

John **ASHCROFT,** Attorney General, Respondent.

No. 02–73083.

United States Court of Appeals, Ninth Circuit.

Submitted June 15, 2004.*

Decided June 24, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Julia Amparo Gonzalez–Rodas, Harbor City, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Nancy E. Friedman, Esq., John D. Williams, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and FISHER, Circuit Judges.

## MEMORANDUM **

Julia Amparo Gonzalez Rodas, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's denial of her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

Gonzalez Rodas's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft,* 350 F.3d 845, 852 (9th Cir.2003).

Gonzalez Rodas has not established that she was persecuted. *See Lim v. INS,* 224 F.3d 929, 936 (9th Cir.2000) (only in "certain extreme cases [have we] held that repeated and especially menacing death threats can constitute a primary part of a past persecution claim").

Moreover, "a petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) (quotation marks and citation omitted). There is substantial evidence that Gonzalez Rodas did not point to credible, direct, and specific evidence in the record that would support an objectively reasonable fear of persecution. *See Singh v. INS,* 134 F.3d 962, 966 (9th Cir. 1998). The record does not compel finding that the mistreatment Gonzalez Rodas fears would be on account of a protected ground. *See Sangha v. INS,* 103 F.3d 1482, 1489 (9th Cir.1997). In addition, Gonzalez Rodas's continued residence in Guatemala for three years after her husband's death and the fact that her children

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

remained in Guatemala and appear to be safe are relevant factors that the IJ properly weighed against Petitioner's fear of future persecution. *See Lim,* 224 F.3d at 935.

By failing to qualify for asylum, Gonzalez Rodas necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). In addition, Gonzalez Rodas is not entitled to CAT relief because she did not demonstrate that it is more likely than not that she would be tortured if returned to Guatemala. *See* 8 C.F.R. § 208.16(c)(2); *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**